# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **STEPHANIE DAIGLE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER:** |
| | * | |
| **LUTHER DIANE BARROW, TUI** | * | **JUDGE:** |
| **TRANSPORTATION, INC., TUI BUS** | * | |
| **SERVICES, INC., AND PENNSYLVANIA** | * | **MAGISTRATE:** |
| **MANUFACTURERS' ASSOCIATION** | * | |
| **INSURANCE COMPANY** | * | |
| * * * * * * * * * * * * * * * * * | * | |

**FILED:** _____ _____

**DATE**

### PETITION FOR REMOVAL

Defendants, Luther Diane Barrow, TUI Bus Services, Inc., and Pennsylvania Manufacturers' Association Insurance Company, file this Petition for Removal of this case from the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, Lafayette Division. This removal is predicated upon diversity jurisdiction under 28 U.S.C. §1332.

1. This case was commenced in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, on January 29, 2018 through the filing of a

Petition for Damages setting forth a claim for relief upon which this action is based.

2. Plaintiff, Stephanie Daigle, instituted this action for personal injuries allegedly sustained in a motor vehicle accident on February 24, 2017 in the Parish of St. Landry.

3. Service of process upon defendant, Luther Diane Barrow, was requested through the Louisiana Long-Arm Statute contained in LSA-R.S. 13:3201, *et seq*. but no affidavit of long-arm service has been filed into the record of the state court proceeding.

4. Service of process upon defendant, TUI Transportation Unlimited, Inc., was requested through the Louisiana Long-Arm Statute in LSA-R.S. 13:3201, but no affidavit of long-arm service has been filed into the record of the state court proceeding.

5. Service of process upon defendant, TUI Bus Services Inc., was requested through its purported agent for service of process (which it denies) but the return on the agent indicates the inability to locate the agent (Exhibit 1: Service Return, TUI Bus Services, Inc. through Evilsisor Process Servers, LLC, A'Don Trucking Consultant Service).

6. Service of process upon defendant, Pennsylvania Manufacturers' Association

       Insurance Company, was through the Louisiana Secretary of State on February 14, 2018 (Exhibit 2: Service of Process Return on Pennsylvania Manufacturers' Association Insurance Company).

7. This matter has been removed within thirty (30) days of documented service of process upon Pennsylvania Manufacturers' Association Insurance Company.

8. This action is one of a civil nature for damages.

9. Stephanie Daigle ("Daigle") alleges that she is entitled to damages for past and future medical expenses allegedly associated with injuries to her neck and low back in consequence of the subject accident (Petition for Damages, ¶ VII).

10. Daigle further alleges that she is entitled to damages for past and future general damages for pain, suffering, and mental anguish as a result of her involvement in the subject accident (Petition for Damages, ¶ VII).

11. Daigle further alleges that she is entitled to damages for past loss of income, future loss of income, and diminution of her earnings capacity (Petition for Damages, ¶¶ VII).

12. Daigle further alleges that she is entitled to property damages and loss of use expenses associated with the subject accident (Petition for Damages, ¶VII).

13. Under *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999), defendants

aver that they possess a good faith belief at the time of this removal that diversity jurisdiction exists, irrespective of the merits of plaintiff's lawsuit or any defenses applicable to his claims.

14. On February 27, 2018, plaintiff counsel advised that Daigle's past medical expenses were approximately $8,000.00 – $8,500.00 and that Daigle's medical treatment is ongoing.

15. The diagnoses rendered by Daigle's orthopedic surgeon, Dr. David Muldowny, are of lumbar sprain superimposed on Daigle's lumbar spondylosis without myelopathy (spinal cord compression) or radiculopathy, "other intervertebral disc degeneration, lumbar region", and cervical spine sprain.

16. On February 25, 2018, defense counsel communicated with plaintiff counsel to advise of his review of Daigle's Petition for Damages and the conclusion that the amount in controversy requirement contained in 28 U.S.C. § 1332 was facially apparent, with submission of an *Irrevocable Stipulation of Damages* for Daigle's execution in the event her claims did not meet this jurisdictional requirement (Exhibit 3: E-Mail dated 2/25/18 with *Irrevocable Stipulation of Damages*).

17. On March 5, 2018, plaintiff counsel advised that because Daigle continues to undergo medical treatment in relation to the subject accident, the *Irrevocable*

*Stipulation of Damages* may not be executed.

18. The Uniform Motor Vehicle Traffic Crash Report dated February 24, 2017 indicates that the 2015 Temsa TS 45 bus operated by Luther D. Barrow was owned by Wells Fargo Finance, Inc., a non-party, and lists the carrier of such vehicle as TUI Bus Services, Inc. (Exhibit 4: Uniform Motor Vehicle Traffic Crash Report dated 2/24/17, p. 2).

19. TUI Transportation Unlimited, Inc. (formerly known as Transportation Unlimited, Inc.) is an improperly joined defendant, but which concurs in the removal of this matter.

20. On February 18, 2018, plaintiff's automobile liability insurer, Progressive Paloverde Insurance Company filed a Petition of Intervention with respect to property damages paid to or on behalf of Stephanie Daigle in relation to the subject accident.

21. Defendants aver the existence of supplemental jurisdiction over the claims asserted by Progressive Paloverde Insurance Company under 28 U.S.C. § 1367.

22. Stephanie Daigle is a person of the full age of majority and a resident/domiciliary in the Parish of St. Landry, State of Louisiana.

23. Luther Diane Barrow is a resident/domiciliary of the State of Texas who

resides at 7432 Chesterfield Drive, Dallas, Texas.

24. TUI Transportation Unlimited, Inc. is a corporation incorporated under the laws of the State of Texas, with its principal place of business at 330 W. Keist Boulevard, Dallas, Texas 75224 and/or 400 S Zang Boulevard, #818 Dallas, Texas 75208.

25. TUI Transportation Unlimited, Inc. was formerly known as "Transportation Unlimited, Inc." and which changed its name to TUI Transportation Unlimited, Inc. on September 28, 2016 (Exhibit 5: Secretary of State of Texas, Corporations Records: TUI Transportation Unlimited, Inc. f/k/a Transportation Unlimited, Inc.)

26. TUI Bus Services Inc. is a corporation incorporated under the laws of the State of Texas, with its principal place of business at 400 S Zang Boulevard, #818 Dallas, Texas 75208.

27. Pennsylvania Manufacturers' Association Insurance Company, is incorporated under the laws of the State of Pennsylvania, with its principal place of business at 380 Sentry Parkway, Blue Bell, Pennsylvania 19422.

28. TUI Transportation Unlimited, Inc. f/k/a Transportation Unlimited, Inc. concurs in removal of this matter.

29. Progressive Paloverde Insurance Company is incorporated/domiciled under the

laws of the State of Indiana, with its principal place of business in the State of Ohio.

30. Complete diversity of citizenship exists and the amount in controversy requirement in 28 U.S.C. §1332 is demonstrable.

**WHEREFORE**, defendants, Luther Diane Barrow, TUI Bus Services, Inc., and Pennsylvania Manufacturers' Association Insurance Company, pray for removal of the above-entitled cause from 27th Judicial District Court for the Parish of St. Landry, State of Louisiana to the United States District Court for the Western District of Louisiana, Lafayette Division.

Respectfully submitted,

/s/ Charles M. Ponder, III
CHARLES M. PONDER, III, #2052
PONDER LAW FIRM
1010 Common Street, Suite 1715
New Orleans, Louisiana 70112
Telephone: (504) 528-3066
Facsimile: (504) 528-3077
E-Mail: cmponder@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: All counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail and e-mail to the following non-CM/ECF participants: None.

      /s/ Charles M. Ponder III
      CHARLES M. PONDER, III